Opinion
LOW, P. J.
In this case we must determine if the parties agreed to arbitrate a dispute involving the firing of a deputy public defender who is covered by a memorandum of understanding between his union and the county. We conclude that as an “at-will” employee his dismissal is not arbitrable.
Plaintiff, the California Teamsters Public, Professional and Medical Employees Union, Local 911A (the Union), is the exclusive bargaining agent for Solano County Bargaining Unit No. 1, which includes attorneys employed in the offices of the county counsel, district attorney and public defender. The Union and the county were parties to a memorandum of understanding (MOU) which covered terms and conditions of employment for these attorneys. Section 22A of the MOU contained a five-step grievance procedure, which culminated in arbitration, for “any dispute which involves the interpretation or application of any provision of this [MOU] excluding, however, those provisions of this [MOU] which specifically provide that the decision of any County official shall be final, the interpretation or application of those provisions not being subject to the grievance procedure. Grievances must be filed within fifteen (15) calendar days of the incident or occurrence about which the employee claims to have a grievance.”
Section 22C(2) of the MOU provides that “[n]o Adjustment Board and no arbitrator shall entertain, hear, decide or make recommendations on any dispute . . . unless such dispute falls within the definition of a grievance as set forth in Section A.” Section 22C(4) permits the director of human resources or the adjustment board “[to] resolve a grievance which involves suspension or discharge, [to] . . . agree to payment for lost time or to reinstatement with or without payment for lost time, but in the event the dispute is referred to arbitration and the arbitrator finds that the County had the right to take the action complained of, the arbitrator may not substitute his/her judgment for the judgment of management and if he/she finds that the County had such right, he/she may not order reinstatement and may not assess any penalty upon the County.”
On May 18, 1990, a deputy public defender was fired from his job; no cause was stated for the firing in the notice of termination. The Union filed *501 a written grievance, protesting that the firing was without proper cause in violation of section 6 of the MOU. Section 6 of the MOU expressly incorporated the management rights of the county as set forth under article 2, section 3(a) of the Solano County Employer-Employee Relations Rules and Regulations. That section provides in part:

“County Management: Rights

“. . . The exclusive rights of the County also include, but are not limited to the right to direct its employees; to hire, promote, demote, transfer, assign, classify, layoff and retain employees in positions within the County; to take disciplinary action against its employees for proper cause; to determine the methods, means and personnel by which the County’s operations are to be conducted; to determine its budget, organization, and merits, necessity and level of any activity or service provided to the public, and to take whatever action is necessary in emergency situations.” (Solano County Employer-Employee Rules & Regs., art. 2, § 3, subd. (a).)
The county denied the grievance and refused to submit the matter to arbitration, claiming that attorneys in the Public Defender’s office are “at-will” employees who may be fired without cause and whose terminations are, therefore, not arbitrable. On September 20, 1990, the Union filed a petition to compel arbitration.
The trial court concluded that since public defenders are exempt from civil service protection by Solano County Code section 20-4(n), they serve at the pleasure of the employing agency, and are therefore subject to dismissal without cause. Therefore, the MOU does not change the employee’s status and the claim is not arbitrable under the agreement.
I.
The rules concerning the threshold issue of arbitrability have been enumerated in AT&T Technologies v. Communications Workers (1986) 475 U.S. 643 [89 L.Ed.2d 648, 106 S.Ct. 1415]. The high court explained: (1) arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute he did not agree to so submit; (2) the question of whether the parties agreed to arbitrate a particular grievance is to be decided by the court, not the arbitrator; (3) “in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims”; and (4) where the agreement *502 contains an arbitration clause, a presumption of arbitrability exists, and doubts should be resolved in favor of arbitration. (Id., at pp. 648-650 [89 L.Ed.2d at pp. 655-657].)
We conclude that the Solano County Code creates a class of “at-will” employees who are subject to dismissal without cause and who are not included within the arbitration clause of the MOU. By exempting attorneys and other professionals from civil service protection, the county created a class of employees who may be retained or not retained and therefore serve “at the pleasure” of the employer agency. (See Bogacki v. Board of Supervisors (1971) 5 Cal.3d 771, 783 [97 Cal.Rptr. 657, 489 P.2d 537]; Swift v. County of Placer (1984) 153 Cal.App.3d 209, 217, fn. 8 [200 Cal.Rptr. 181].) Traditionally, “at-will” employees are subject to removal without judicially recognized good cause. (Bogacki, supra, at p. 783.) “ ‘Considerations of comity and administrative efficiency counsel the courts to refrain from any attempt to substitute their own judgment for that of the responsible officials.’ [Citation.] Only when such a public employee can show that his employment has been unjustifiably conditioned on the waiver of his constitutional rights will the courts intervene and give relief. [Citation.]” (5 Cal.3d at p. 783) The employee has the burden of coming forward with proof in that instance. (Id., at p. 779.) There is no suggestion here that the deputy public defender was terminated for exercising his statutory or constitutional rights.
Since deputy public defenders are “at-will” employees, the public defender had complete discretion to lay off or dismiss a deputy without judicially cognizable good cause. The MOU is a comprehensive document containing numerous sections detailing the rights and employment benefits of the attorneys covered under it. The MOU contains no section on removal or discharge of employees. Of the few references to dismissal, the section on “Leave of Absence Without Pay” provides that an employee who does not return at the expiration of the leave, may be considered as an automatic resignation. “Any disputes arising under this section shall be subject to the grievance procedure.” (MOU, § 161.)
If the parties to the MOU intended to change such a vital condition of employment as the grounds for discharge or dismissal, they certainly would have defined it in the MOU. Jim Ferguson, a personnel analyst for the county, attended the contract negotiations on behalf of the county. He declared that the “at-will” status of these employees was never discussed, nor was there any intent to alter the status by incorporating the management rights clause. Plaintiff offers no contradictory evidence.
*503 II.
Contrary to the Union’s contention, incorporation of the management rights clause (ante, at p. 803) into the MOU did not make this dispute arbitrable. This provision simply recognizes the preexisting right of the county to mete out proper discipline, among other rights routinely reserved for an employer. The incorporation of this provision serves only to make it clear that the MOU does not alter these preexisting rights of management. This clause, which expressly retains management rights, cannot simultaneously be read to remove management rights—i.e., by granting “at-will” employees new privileges which did not exist previously. Such an interpretation is contrary to common sense. We conclude this provision does not interfere with the authority to dismiss an “at-will” employee without cause.
III.
Plaintiff also calls our attention to the language in section 22C(4) of the MOU (ante, at p. 802) which discusses the review by the director of human resources, the adjustment board and the arbitrator of “a grievance which involves suspension or discharge.” He argues this language is clear evidence that “the parties anticipated that grievances involving a discharge were arbitrable.” This passage must be read as being limited to those dismissals which are already recognized, in law or by the terms of the MOU, to be unlawful. As previously discussed, even an “at-will” employee may not be discharged in violation of his constitutional or statutory rights. (Bogacki v. Board of Supervisors, supra, 5 Cal.3d at pp. 778-779.) The MOU itself prohibits discrimination against employees and also permits a grievance when the employee disputes his “automatic resignation.” An employee alleging he was discharged in violation of these rights might pursue his grievance to the director of human resources or to an arbitrator, each of whom would be bound by the procedures in section 22C(4) of the MOU. This language cannot be interpreted to create an implied right of review of every dismissal of an “at-will” employee.
The judgment denying the petition to compel arbitration is affirmed.
King, J., and Haning, J., concurred.