Filed 8/13/18

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| KRISTINA EHRET et al., | |
| Plaintiffs and Appellants, | E067575 |
| v. | (Super.Ct.No. RIC1407372) |
| WINCO FOODS, LLC et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County. Sharon J. Waters, Judge. Affirmed.

Makarem & Associates, Ronald W. Makarem, and Jean-Paul Le Clercq for Plaintiffs and Appellants.

Seyfarth Shaw, Nick C. Geannacopulos, Eden Anderson, Kristina M. Launey, and Simon L. Yang for Defendants and Respondents.

Plaintiffs Kristina Parker[1] and Elmer Gillett (collectively the Employees) were employees of WinCo Foods, LLC and/or WinCo Holdings, Inc. (collectively WinCo). They do not dispute that they were subject to a collective bargaining agreement which at least purported to provide that an employee who works a shift of not more than six hours is not entitled to a meal break.

The Employees filed this action claiming, among other things, that WinCo was violating Labor Code section 512, subdivision (a). This statute provides that an employee who works more than five hours is entitled to a meal break, "except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee." The trial court ruled that the collective bargaining agreement waived the Employees' statutory right to a meal break whenever they worked more than five but not more than six hours.

The Employees appeal. They contend that the trial court erred because the waiver in the collective bargaining agreement was not "clear and unmistakable," as required by federal law. We will hold that the waiver was clear and unmistakable, because it specifically mentioned meal breaks and it was irreconcilable with the statutory right to a meal break during a shift of more than five but not more than six hours. Hence, we will affirm.

---

[1]     During these proceedings, Kristina Parker married and became Kristina Ehret. In the caption, we use her current true name. Throughout the text, however, to maintain consistency with the record, we refer to her as Parker.

I

FACTUAL BACKGROUND

The Employees worked as cashiers at WinCo Store #46 in Moreno Valley. All hourly, non-management employees of Store #46 were members of the WinCo Foods #46 Hourly Employee Association (Association). The Association was their sole collective bargaining representative. Gillett was the chair of the Association.

In March 2013, Gillett, on behalf of the Association, signed a document entitled "Hourly Employee Working Conditions & Wages Agreement" (capitalization altered) (Agreement). The Employees concede that the Agreement constituted a collective bargaining agreement.[2]

The Agreement provided: "Employees who work shifts of **more than 5 hours** will be provided a meal period of at least 30 minutes, except that when a work period of not more than 6 hours will complete a day[']s work, a meal period is not required. For shifts that are 'more than 5 hours' up to 7 hours, the meal period must begin on or after the 2nd hour worked but before or on the 5th hour worked. If the shift is more than 7 hours, the meal period must begin on or after the 3rd, but before or on the 5th hour worked. It is WinCo Foods policy not to mutually agree with employees to waive their lunch period." (Superscript omitted.)

---

[2] There was some evidence that the members of the Association had not authorized the Association to represent them. WinCo argued below that this was contradicted by the Employees' admissions in their depositions. In this appeal, the Employees concede that they "worked under" the Agreement.

Thereafter, when members of the Association worked shifts of more than five but not more than six hours, they were denied a meal break. Generally, however, when they worked shifts of more than six hours, they were given a meal break.[3]

II

PROCEDURAL BACKGROUND

In 2014, the Employees filed this action against WinCo under the Private Attorney General Act (Lab. Code, § 2699), on behalf of all similarly situated WinCo employees. The operative complaint alleged, as relevant here, that WinCo violated Labor Code section 512, subdivision (a) by requiring the Employees to work through mandatory meal breaks.

WinCo filed a motion for summary judgment, arguing, among other things, that the Agreement waived the Employees' statutory right to a meal break when they worked more than five hours but not more than six hours. In their opposition to the motion, the Employees argued, among other things, that the asserted waiver in the Agreement was not clear and unmistakable.

The trial court granted the motion. It ruled that the Employees "waived their right to a meal period for shifts of no more than six hours by virtue of the Store 46 March 2013

---

[3]     There was some evidence of instances in which the Employees worked more than six hours but were denied meal breaks. Again, WinCo argued below that this was contradicted by the Employees' admissions in their depositions. The Employees do not rely on this evidence in this appeal.

4

collective bargaining agreement." Accordingly, it entered judgment against the Employees and in favor of WinCo.

## III

## THE CLEAR AND UNMISTAKABLE WAIVER STANDARD

Labor Code section 512, subdivision (a), as relevant here, provides: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, *except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.*" (Italics added.)

Under Labor Code section 219, subdivision (a), the provisions of Labor Code section 512 "can[not] in any way be contravened or set aside by a private agreement, whether written, oral, or implied." Thus, the right to a meal break during a shift of more than six hours cannot be waived. However, because Labor Code section 512, subdivision (a) itself provides that the right to a meal break during a shift of more than five hours but not more than six hours *can* be waived, Labor Code section 219, subdivision (a) does not prohibit an agreement that does so.

"It is well settled that a union may lawfully waive statutory rights of represented employees in a collective bargaining agreement. [Citation.]" (*American Freight System, Inc. v. N.L.R.B.* (D.C. Cir. 1983) 722 F.2d 828, 832.) However, "'[w]e will not infer from a general contractual provision that the parties intended to waive a statutorily

5

protected right unless the undertaking is "explicitly stated." More succinctly, the waiver must be clear and unmistakable.' [Citations.]" (*Wright v. Universal Maritime Service Corp.* (1998) 525 U.S. 70, 80; accord, *Livadas v. Bradshaw* (1994) 512 U.S. 107, 125; *California State Employees' Assn. v. Public Employment Relations Bd.* (1996) 51 Cal.App.4th 923, 938.)

United States Supreme Court opinions are controlling on this point because, when it comes to the enforcement of a collective bargaining agreement, federal common law preempts state law. (*Local 174, Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Lucas Flour Co.* (1962) 369 U.S. 95, 103-104.) For the same reason, federal appellate court opinions are highly persuasive.

WinCo argues that this "clear and unmistakable" standard applies only to a waiver of a "non-negotiable" right. It asserts that a waiver of a "negotiable" right — such as the statutory meal break right at issue here — is governed exclusively by state-law principles of contract interpretation. It seems undisputed that, if state-law principles do apply, then the Agreement must be construed as waiving the statutory right to a meal break, and WinCo must prevail.

We question whether a collective bargaining agreement can *ever* waive a *nonnegotiable* right. (See *Allis-Chalmers Corp. v. Lueck* (1985) 471 U.S. 202, 212; *Valles v. Ivy Hill Corp.* (9th Cir. 2005) 410 F.3d 1071, 1076; *Balcorta v. Twentieth Century-Fox Film Corp.* (9th Cir. 2000) 208 F.3d 1102, 1111; *Zavala v. Scott Bros. Dairy, Inc.* (2006) 143 Cal.App.4th 585, 594; *Lujan v. Southern California Gas Co.*

6

(2002) 96 Cal.App.4th 1200, 1211.) If not, then only a negotiable right can be waived, and the clear and unmistakable standard applies to such a waiver.

However, we need not definitively decide this question. We may simply assume that, contrary to WinCo's position, the clear and unmistakable standard applies to *any* waiver in a collective bargaining agreement of *any* statutory right. As will be seen, even under the clear and unmistakable standard, WinCo prevails.

The vast majority of both state and federal cases in which the clear and unmistakable standard has been applied have involved arbitration. In such cases, the issue is whether an arbitration clause in a collective bargaining agreement clearly and unmistakably waives an individual employee's right to a judicial forum for a claim of a violation of an underlying statutory right. In this context, it has been held that there is no waiver of the right to a judicial forum unless the collective bargaining agreement specifies the statutory right.

For example, in *Vasquez v. Superior Court* (2000) 80 Cal.App.4th 430, an employee sued his employer, alleging, among other things, national origin discrimination. (*Id*. at p. 432.) The applicable collective bargaining agreement provided that the employer would not "discriminate against any employee on account of national origin 'under applicable federal and state law.'" (*Id*. at p. 436.) It also provided that all grievances or disputes regarding the application of the terms of the collective bargaining agreement were subject to a grievance and arbitration procedure. (*Ibid*.)

The appellate court held that the collective bargaining agreement did not require arbitration of the employee's national origin discrimination claim. (*Vasquez v. Superior Court*, *supra*, 80 Cal.App.4th at p. 436.) It acknowledged that "[a] union-negotiated waiver of employees' statutory rights to a judicial forum for claims of employment discrimination must be '"clear and unmistakable."'" [Citation.]" (*Id*. at p. 434.) "The test is whether a collective bargaining agreement makes compliance with the statute a contractual commitment subject to the arbitration clause. [Citations.]" (*Id*. at pp. 434-435, fn. omitted.) For an arbitration clause to apply clearly and unmistakably to a discrimination claim, "[a] simple agreement not to engage in acts violative of a particular statute will not suffice; the agreement must establish the intent of the parties to incorporate 'in their entirety' the discrimination statutes. [Citation.] Compliance with a particular statute must be an express contractual commitment in the collective bargaining agreement. [Citations.]" (*Id*. at pp. 435-436; accord, *Vasserman v. Henry Mayo Newhall Memorial Hospital* (2017) 8 Cal.App.5th 236, 246-250; *Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 543-547; *Deschene v. Pinole Point Steel Co.* (1999) 76 Cal.App.4th 33, 48, fn. 9.)

Arbitration cases, however, are distinguishable. They pose the threshold question of whether the statutory right at issue[4] is incorporated into the collective bargaining

---

[4] WinCo asserts that *Vasquez* concerned a waiver of the *constitutional* right to a *jury trial*. Not so. *Vasquez* specifically described the waiver at issue as a "waiver of employees' *statutory* rights to a *judicial forum* for claims of employment discrimination . . . ." (*Vasquez v. Superior Court*, *supra*, 80 Cal.App.4th at p. 434, italics added.)

8

agreement; only then does an agreement to arbitrate claims arising under the collective bargaining agreement extend to a claim for a violation of the statutory right. Therefore, it must be clear and unmistakable that the statutory right itself is part of the collective bargaining agreement. Here, there is no similar reason to require that the statutory right must be stated in the collective bargaining agreement before it can be waived.

Only one California case has provided any meaningful analysis of the clear and unmistakable standard outside the arbitration context: *Choate v. Celite Corporation* (2013) 215 Cal.App.4th 1460 (*Choate*). The Employees rely on it heavily; they assert that it is "virtually directly on point with this [a]ppeal." We therefore discuss it in some detail.

*Choate* involved Labor Code sections 201 and 227.3. These statutes, when read together, require an employer to pay an employee for all vested vacation time immediately upon termination, "[u]nless otherwise provided by a collective-bargaining agreement . . . ." (*Choate v. Celite Corporation*, *supra*, 215 Cal.App.4th at pp. 1462-1464.)

The court stated the issue before it as follows: "The parties disagree on what our Legislature meant when it required collective bargaining agreements to 'otherwise provide[]': [The employer] contends that a waiver of the right to payment under section 227.3 may be inferred from the totality of the circumstances, while [the employees] defend the trial court's ruling that any waiver must be clearly and unmistakably stated in

9

the collective bargaining agreement." (*Choate v. Celite Corporation*, *supra*, 215 Cal.App.4th at p. 1465.)

It concluded that a waiver of rights under Labor Code section 227.3 must be clear and unmistakable, for three reasons. First, it felt that the employer's proposed totality of the circumstances test would lead to absurd results. (*Choate v. Celite Corporation*, *supra*, 215 Cal.App.4th at pp. 1465-1466.) Second, courts should construe ambiguities in labor statutes in favor of employees. (*Id*. at p. 1466.) And third, "[w]e try to harmonize state and federal law. [Citation.] . . . [W]aiver of federal statutory rights must be clear and unambiguous. [Citation.] This counsels in favor of requiring the same degree of clarity for waivers of state statutory rights." (*Ibid*.)

The court went on to hold that, in the case before it, there was no clear and unmistakable waiver. It explained: "To be clear and unmistakable, a waiver must do more than speak in '[b]road, general language.' [Citation.] *It must be specific, and mention either the statutory protection being waived or, at a minimum, the statute itself.* [*Citation.*] *The Agreements here neither mention pro rata vacation pay nor cite section 227.3.*" (*Choate v. Celite Corporation*, *supra*, 215 Cal.App.4th at p. 1467, italics added.)

WinCo argues that *Choate* merely decided an issue of the statutory interpretation of Labor Code section 227.3. Given the court's statement that it was attempting to harmonize state and federal law, we disagree. Clearly it meant that the standard for a waiver under the "otherwise provided" wording of Labor Code section 227.3 is the same as the federal clear and unmistakable standard for a waiver of any statutory right.

The Employees, on the other hand, argue that *Choate* stands for the proposition that, for a waiver of a statutory right to be clear and unmistakable, the waiver must either (1) cite the applicable statute (here, Labor Code section 512) or (2) specify the content of the statutory right (here, that employees working shifts of more than five hours but not more than six hours are entitled to a meal break). Again, we disagree.

*Choate* indicated that mentioning "the statutory protection being waived" and mentioning "the statute itself" are two different things. In the case before it, it equated mentioning the statute itself with "cit[ing] [Labor Code] section 227.3." Here, mentioning the statute itself would mean citing Labor Code section 512. The Agreement did not do so.

But *Choate* then equated mentioning the statutory protection being waived with "mention[ing] pro rata vacation pay." Here, mentioning the statutory protection being waived would mean discussing meal breaks. This the Agreement did — and very explicitly, too. It expressly stated that "when a work period of not more than 6 hours will complete the day[']s work, a meal period is not required." This is flatly irreconcilable with the provision of Labor Code section 512, subdivision (a) that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ." Thus, it constitutes a clear and unmistakable waiver of that provision, even without citing it.

The Employees also argue that the waiver is not clear and unmistakable for two additional reasons.

11

First, they argue that "[a] 'waiver' cannot be 'clearly and unmistakably' be made unless the word 'waiver,' or 'waived,' or 'waiving,' is used."  Not so.  For example, in *International Broth. of Elec. Workers, Local 803, AFL-CIO v. N.L.R.B.* (3d Cir. 1987) 826 F.2d 1283 (*IBEW*), the relevant collective bargaining agreement provided, "The Brotherhood and its members agree that during the term of this agreement there shall be no strikes or walkouts by the Brotherhood or its members . . . ."  (*Id*. at p. 1285.)  This provision did not use the word "waiver."  Nevertheless, the appellate court, applying the clear and unmistakable standard (*id*. at p. 1287), upheld a finding that it constituted a waiver of the statutory right to engage in a sympathy strike.  (*Id*. at pp. 1295-1298.)[5]

Second, they argue that the waiver was ambiguous because it also stated, "It is WinCo Foods policy not to mutually agree with employees to waive their lunch period."[6] We perceive no such ambiguity.  This clearly refers to a waiver by individual employees of meal breaks provided in the Agreement.  It does not apply to the collective waiver in

---

[5]  Incidentally, *IBEW* further supports our holding that a waiver in a collective bargaining agreement need not specify the statutory right being waived and need not cite the statute, as long as it is irreconcilable with the statutory right.

[6]  In response, WinCo argues that, if the Employees' state-law claims require us to construe the Agreement, they are preempted by federal law.  Federal labor law preempts a state-law claim that is either "founded directly on rights created by collective-bargaining agreements" or "'substantially dependent on analysis of a collective-bargaining agreement.'"  (*Caterpillar Inc. v. Williams* (1987) 482 U.S. 386, 394.) However, it does not preempt a state-law claim merely because a party raises a *defense* that requires a court to interpret or apply a collective-bargaining agreement.  (*Id*. at p. 398.)  Here, the Employees' claims do not require an analysis of the Agreement; rather, WinCo has raised the waiver in the Agreement as a defense.

the Agreement of meal breaks otherwise provided under Labor Code section 512, subdivision (a).

In sum, then, we uphold the trial court's ruling that, as a matter of law, the Agreement waived the Employees' right under Labor Code section 512, subdivision (a) to a meal break when working more than five hours but not more than six hours.

IV

DISPOSITION

The judgment is affirmed.  In the interest of justice, each side shall bear its own costs on appeal.

CERTIFIED FOR PUBLICATION

RAMIREZ          
P. J.

We concur:

McKINSTER          
J.

MILLER          
J.

13