# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1229

———————

Keith Thompson,

            Appellant,

    v.

Air Transport International
Limited Liability Company,

            Appellee.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

———————

Submitted: September 19, 2011
Filed: December 28, 2011

———————

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

———————

SHEPHERD, Circuit Judge.

Appellant Keith Thompson brought suit against Air Transport International LLC (ATI) alleging ATI violated his rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., and under the Arkansas Civil Rights Act (ACRA), Ark. Code Ann. § 16-123-101 et seq. The district court dismissed, finding Thompson's claims were subject to a mandatory arbitration provision contained in a collective bargaining agreement between Thompson's union and ATI.[1]  Thompson

---

[1] The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

appeals, arguing the arbitration provision is invalid because it was joined with an illegal and non-severable waiver of his FMLA claims. We affirm.

I.

Thompson worked as a pilot for ATI from 1993 to 2009. In early 2009, Thompson was hospitalized as a result of an illness and underwent surgery. He missed eight weeks of work immediately after the surgery and gave timely notice of his absences to ATI. In this action, Thompson alleges that he was not informed of his rights under the FMLA during his sick leave or upon his return. After returning to work, he was terminated for violating an operational procedure after completing approximately twelve hours of flight time. Thompson contends that other similarly situated pilots who had not taken FMLA leave were not terminated for the same error. He claims ATI dismissed him in retaliation for his taking of sick leave, in violation of the FMLA. Additionally, he argues that he was forced to identify himself as a person with a disability, in violation of ACRA.

ATI filed a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1), arguing the district court lacked subject matter jurisdiction because Thompson's claims were subject to a mandatory arbitration provision contained in the collective bargaining agreement between ATI and the International Brotherhood of Teamsters, Airline Division, a union of which Thompson is a member.[2] ATI also argued the Railway Labor Act (RLA), 45 U.S.C. et seq., gives district courts no authority to interpret collective bargaining agreements where a party to the agreement

---

[2] In 1997, the Brotherhood entered into a collective bargaining agreement with ATI that became effective in November of 2000. Thompson was the Brotherhood's lead negotiator during the negotiations that resulted in the creation of the collective bargaining agreement.

is a carrier covered by the RLA. The court dismissed the complaint without prejudice, finding Thompson's claims were subject to the mandatory arbitration provision contained in the collective bargaining agreement.

II.

Because ATI is an air carrier within the definition of carriers covered by the RLA, this dispute is governed by that statute. 45 U.S.C. §§ 151–188. "Congress' purpose in passing the RLA was to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994). The RLA preempts review by both state and federal courts of any claims that require a court to interpret a collective bargaining agreement, as those claims are solely within the jurisdiction of the National Railroad Adjustment Board. Deneen v. Nw. Airlines, Inc., 132 F.3d 431, 439 (8th Cir. 1998) ("Courts can resolve questions of federal or state law involving labor claims only if the issues do not require the court to construe the collective bargaining agreement."). However, claims arising under statute or common law independently of a collective bargaining agreement that do not require interpretation of the agreement are not preempted. Deneen, 132 F.3d at 439.

The limited question presented here—whether the appellant's claims are subject to a binding arbitration agreement—"implicates the difference between interpreting a collective bargaining agreement and merely referring to one." Sturge v. Nw. Airlines, Inc, 658 F.3d 832, 838 (8th Cir. 2011.). "Interpretation of a provision of a collective bargaining agreement entails the resolution of a dispute about the meaning of the provision." Id. However, "where the meaning of a provision in the CBA is not disputed, the application of that provision to a set of facts involves only reference to the provision" rather than interpretation. Id. Thompson does not contest the meaning of the arbitration provision contained in his collective bargaining agreement; he admits the provision subjects his current claims to mandatory arbitration. Rather,

Thompson argues the mandatory arbitration clause is part of an unconscionable and non-severable waiver of his claims. Because the appellant does not contest the meaning of the agreement, our task, though requiring reference to the collective bargaining agreement, does not require interpretation of the agreement and is not preempted by the RLA. See id.

Thompson's argument that the arbitration provision is invalid because it is not severable from an illegal waiver of his FMLA claims is unavailing because the collective bargaining agreement does not purport to waive Thompson's FMLA remedies. The agreement states in pertinent part:

> [C]laims of discrimination arising within the employment relationship between the Company and the Crewmembers, whether such claims are made under the collective bargaining agreement or in state or federal court and alleged to be violations of state or federal law. . . . are to be addressed, resolved and finalized solely under Section V – Grievance and/or [Section] VI – Arbitration of the Agreement as by the terms of the Collective Bargaining [Agreement] each Crewmember waives each and every cause of action and remedies provided under these statutes and common law frameworks.

Appellant bases his argument that the mandatory arbitration clause is part of an unconscionable and non-severable waiver of his claims on the last clause of the arbitration provision. That clause states "Crewmember waives each and every cause of action and remedies provided under these statutes and common law frameworks . . . ." The arbitration provision makes clear the phrase "these statutes" refers to anti-discriminatory federal and state statutory schemes.

Thompson is correct that an attempted waiver of his FMLA claims would not be valid. See 29 C.F.R. § 825.220(d) (prohibiting the contractual waiver of rights under the FMLA). However, when the last sentence of the arbitration clause is read

in conjunction with section 9 of the collective bargaining agreement, it is clear that the agreement does not purport to waive Thompson's FMLA claims. Section 9(A) of the agreement expressly retains the FMLA rights of crewmembers, stating "Crewmembers are permitted leaves of absence to the extent required by, and in accordance with the terms of, the Family Medical Leave Act (FMLA). All requests for FMLA leave, and the terms of such leave are governed by the FMLA." Thus, it is clear the waiver referenced in the last sentence of the arbitration clause is the waiver of a judicial forum, not the waiver of Thompson's claims. A waiver of a judicial forum is not a waiver of claims but instead is a waiver of "only the right to seek relief from a court in the first instance." 14 Penn Plaza LLC v. Pyett, 129 S. Ct. 1456, 1469 (2009).

Parties can waive the judicial forum as an avenue for bringing federal statutory claims and state anti-discrimination claims as part of a mandatory arbitration agreement. See 14 Penn Plaza LLC, 129 S. Ct. at 1464. The Supreme Court recognizes that "a union may agree to the inclusion of an arbitration provision in a collective-bargaining agreement in return for other concessions from the employer. Courts generally may not interfere in this bargained-for exchange." Id. An arbitration clause subjecting certain statutory claims to arbitration "must be honored" unless the statute evinces an intent to take the claims out of the realm of claims that may be subject to mandatory arbitration. Id. at 1465. Employment-related civil rights claims, like Thompson's FMLA and ACRA claims, can be subject to a mandatory arbitration provision. McNamara v. Yellow Transp., Inc., 570 F.3d 950, 957 (8th Cir. 2009).

For these reasons, the district court was correct in determining that the appellant's claims must be arbitrated.

## III.

For the foregoing reasons we affirm the judgment of the district court.

_____