Filed 2/9/22  Sanchez v. Shimmick Construction Co. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WILLIAM SANCHEZ, | B311536 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV04676) |
| v. | |
| SHIMMICK CONSTRUCTION COMPANY, INC./FCC CONSTRUCCION S.A./IMPREGLIO S.P.A., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Kenneth R. Freeman, Judge.  Affirmed.

Alexander Morrison + Fehr, Tracy L. Fehr; The Nourmand Law Firm, Michael Nourmand and James A. De Sario for Plaintiff and Appellant.

Jackson Lewis, Leonora M. Schloss, Scott P. Jang, Dylan B. Carp and Rassa L. Ahmadi for Defendant and Respondent.

_____

Plaintiff and appellant William Sanchez (Sanchez) brought a wage and hour type case against defendant and respondent Shimmick Construction Company, Inc./FCC Construccion S.A./Impreglio S.P.A.[1]  The trial court granted defendant's motion to compel arbitration of all five of Sanchez's claims pursuant to the terms of a collective bargaining agreement.  Sanchez appeals, claiming only that his third cause of action for failure to pay wages upon termination in violation of Labor Code sections 201, 202, and 203,[2] and his fifth cause of action for unfair competition (Bus. & Prof. Code, § 17200) based thereon are not arbitrable.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Parties*

Defendant is an employer-contractor on the Gerald Desmond Bridge Replacement Project in Long Beach, California (the project).  Sanchez is a former nonexempt employee of defendant, with the job description of "pile driver/carpenter." During his employment, Sanchez was a member of the United Brotherhood of Carpenters Local Number 2375, also known as the piledrivers union.

*The Collective Bargaining Agreements*

Two collective bargaining agreements are relevant to the issues raised in this appeal.  First, defendant and the piledrivers

_____

[1]    The complaint also named Shimmick Construction Company, Inc., as a defendant.  Sanchez later dismissed that entity, and it is not a party to this appeal.

[2]    All further statutory references are to the Labor Code unless otherwise indicated.

union were parties to the project labor agreement. The project labor agreement sets the minimum terms of employment for workers performing construction craftwork at the project, including terms regarding wages, benefit rates, and grievance procedures. It specifically provides that contractor employers "recognize the Unions as the sole and exclusive collective bargaining representative for all employees engaged in Project Work."

The project labor agreement further provides that other local collective bargaining agreements of the signatory unions were incorporated by reference into the project labor agreement and apply to all work covered by the project labor agreement. Where a subject is covered by a provision in a local collective bargaining agreement and not the project labor agreement, the terms of the local agreement prevail.

The second agreement, the carpenters master labor agreement (the CMLA), was negotiated by Southwest Regional Council of Carpenters on behalf of the members of the local affiliated unions, including the piledrivers union. All contractors working on the project who employed covered union member carpenters, like defendant here, are bound by the terms of the CMLA. The CMLA sets uniform rates of pay, hours of employment, working conditions, and grievance procedures for members of the piledrivers union.

*The CMLA's Arbitration Provision*

The CMLA requires arbitration on an individual basis under Appendix M, titled "Grievances of Disputes." It explains that "federal law and policy favors the use and finality of arbitration procedures established through collective bargaining agreements to resolve[] all nature of disputes affecting the

3

employee-employer relationship." It continues: "The Parties to this Agreement recognize that arbitration pursuant to the grievance procedure affords numerous benefits including expedited resolution of disputes; reduced cost and expense as compared to litigation; potentially greater monetary relief to individual employees; benefit of the arbitrator's knowledge and expertise with the bargaining parties, the employment relationships governed by the collective bargaining agreement, and the practices of the construction industry; less restrictive rules of evidence; and less formal procedures."

To carry out these purposes, the CMLA mandates: "[A]ll employee disputes concerning violations of, or arising under Wage Order 16 (except as noted in the immediately preceding paragraph), the California Labor Code Section[s] identified in California Labor Code section 2699.5 as amended, the California Private Attorneys General Act (Labor Code section 2698, et seq.), and federal, state and local law concerning wage-hour requirements, wage payment and meal or rest periods, including claims arising under the Fair Labor Standards Act (hereinafter 'Statutory Dispute' or 'Statutory Disputes') shall be subject to and must be processed by the employee pursuant to the procedures set forth in this Appendix M as the sole and exclusive remedy. To ensure disputes are subject to this grievance procedure in accordance with the intended scope of coverage set forth herein, Statutory Disputes also include any contract, tort or common law claim concerning the matters addressed in the foregoing laws (other than a claim of violation of the [CMLA] which are deemed Contractual Disputes). This Appendix shall not apply to claims before the National Labor Relations Board, the Employee Equal Opportunity Commission, the Department of Fair Employment

4

and Housing, and the California Division of Workers' Compensation."

The balance of Appendix M sets forth the procedure for handling statutory disputes, including binding arbitration on an individual basis.

*Sanchez's Complaint*

On February 13, 2019, Sanchez filed a complaint on behalf of himself and all others similarly situated against defendant, alleging five causes of action: (1) failure to pay overtime wages, in violation of sections 510, 1194, and 1199; (2) failure to pay minimum wages, in violation of sections 1194, 1194.2, and 1197; (3) failure to pay all wages upon termination, in violation of sections 201, 202, and 203; (4) failure to provide accurate wage statements, in violation of section 226; and (5) unfair competition, in violation of Business and Professions Code section 17200. While the complaint made class allegations, it did not make Private Attorneys General Act (PAGA) allegations.

*Defendant's Motion to Compel Arbitration*

On October 9, 2020, defendant moved to compel binding individual arbitration of all of Sanchez's causes of action. Defendant argued that Sanchez's employment was covered by two collective bargaining agreements (the project labor agreement and the CMLA) that required him to submit "any and all claims to binding individual arbitration."

*Sanchez's Opposition*

Sanchez filed an opposition, limiting his claim to the third cause of action (failure to pay wages upon termination) and that portion of the fifth cause of action (unfair competition) based thereon. He asserted that these two causes of action were not covered by the arbitration provision in the CMLA because the

5

CMLA did not explicitly, clearly, and unmistakably require him to arbitrate these causes of action.

*Trial Court Order*

After entertaining oral argument, the trial court granted defendant's motion, compelling arbitration of all causes of action. In so ruling, the trial court reasoned that the CMLA explicitly, clearly, and unmistakably required Sanchez to arbitrate all of his causes of action. After all, the CMLA specifically requires Sanchez to arbitrate all disputes identified in section 2699.5,[3] which in turn identifies sections 201, 202, and 203, the statutory provisions governing the third cause of action. The trial court also noted that the CMLA requires Sanchez to arbitrate all disputes concerning violations of "'federal, state and local law concerning wage-hour requirements, wage payment and meal or rest periods,'" as well as "'any contract, tort or common law claim concerning the matters addressed in the foregoing laws.'"

*Appeal*

Sanchez's timely appeal ensued.

## DISCUSSION

I. *Standard of review and relevant law*

"A petition to compel arbitration should be granted if the court determines that an agreement to arbitrate the controversy exists." (*Cortez v. Doty Bros. Equipment Co.* (2017) 15

---

[3] Section 2699.5 lists numerous statutes to which section 2699.3, which sets forth the requirements for commencement of civil actions under section 2699, applies. As is relevant to this issues in this appeal, section 2699.5 provides: "The provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: . . . Sections . . . 201, . . . 202, 203."

6

Cal.App.5th 1, 11 (*Cortez*).) "Fundamental to this inquiry is whether the parties have agreed to arbitrate their dispute." (*Ibid*.) "A union representative may agree on an employee's behalf as part of the collective bargaining process to require the employee to arbitrate controversies relating to an interpretation or enforcement of a [collective bargaining agreement]." (*Ibid*.) Specifically, "a union representative in negotiating a [collective bargaining agreement] in good faith may waive the employee's right to pursue in a judicial forum an action for a statutorily protected right," as "the decision to fashion a [collective bargaining agreement] to require arbitration of statutory claims is 'no different from the many other decisions made by parties in designing grievance machinery.'" (*Id*. at p. 12.) "[T]he United States Supreme Court has made clear that waiver of the right to prosecute a statutory violation in a judicial forum is only effective if it is explicit, '"clear and unmistakable."'" (*Ibid*.; see also *14 Penn Plaza LLC v. Pyett* (2009) 556 U.S. 247, 251 (*14 Penn Plaza*) [a collective bargaining agreement that explicitly, clearly, and unmistakably required union members to arbitrate claims arising under the Age Discrimination and Employment Act was enforceable], *id* at pp. 254, 256–257; *Vasquez v. Superior Court* (2000) 80 Cal.App.4th 430, 434 [a requirement to arbitrate statutory claims must be particularly clear].)

We apply "de novo review to the trial court's interpretation of an arbitration agreement that does not involve conflicting evidence." (*Cortez, supra*, 15 Cal.App.5th at p. 12.)

II. *Analysis*

Applying these legal principles, we conclude that the trial court properly granted defendant's motion to compel arbitration of the third and fifth causes of action. The CMLA explicitly,

clearly, and unmistakably requires Sanchez to arbitrate all of his causes of action. Regarding the third cause of action (failure to pay wages upon termination), the CMLA specifically requires Sanchez to arbitrate that claim by referencing section 2699.5, which in turn identifies sections 201, 202, and 203, the applicable statutes. Regarding the derivative fifth cause of action (unfair competition), it too is subject to arbitration because it depends upon the alleged violation of sections 201 through 203. (See, e.g., *Cortez, supra*, 15 Cal.App.5th at p. 15.)

Cortez is instructive. In that case, the Court of Appeal held that a collective bargaining agreement required arbitration of the plaintiff's causes of action for violating sections 204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, and 1198, simply by citing Wage Order 16, even though the wage order itself did not identify any specific Labor Code section. (*Cortez, supra*, 15 Cal.App.5th at p. 14 [an "agreement to arbitrate claims 'arising under' Wage Order 16 is clear and unmistakable. Although the Labor Code is not specifically mentioned, we cannot disregard the reality that an employee may enforce the protections of the wage order in court only by bringing a claim under the Labor Code"].) Rather, it was enough that the wage order identified the substantive rights protected by the Labor Code sections at issue. (*Ibid*.)

Here, the CMLA specifically cites section 2699.5, which identifies the precise statutes under which Sanchez is suing. Applying the principles set forth in *Cortez*, that is enough.[4]

---

[4] As Sanchez points out, *Cortez* held that the plaintiff's cause of action for failure to pay wages in a timely manner following termination in that case was not subject to arbitration because it did "not arise under Wage Order 16, which makes no mention of payment upon the employee's separation from employment, much

8

In addition, Sanchez's claims are subject to arbitration as statutory disputes under the terms of the CMLA. As set forth above, the CMLA defines statutory disputes as disputes concerning violations of, or arising under, "federal, state and local law concerning wage-hour requirements, wage payment and meal or rest periods." Where a collective bargaining agreement explicitly requires arbitration of statutory claims, it may identify the covered claims by description rather than by rote enumeration. (See, e.g., *Darrington v. Milton Hershey Sch.* (3d Cir. 2020) 958 F.3d 188, 190–191, 195–196 [the arbitration provision's reference to any dispute alleging discrimination under federal or state law clearly and unmistakably includes the plaintiffs' claims under Title VII and the Pennsylvania Human Relations Act]; *Aleman v. Chugach Support Servs., Inc.* (4th Cir. 2007) 485 F.3d 206, 209–210, 216–217 [collective bargaining agreement required arbitration of all claims of discrimination under Title VII and all other federal, state, and local antidiscrimination laws covered the plaintiffs' claims under 42 U.S.C. § 1981 and Maryland law]; *Thompson v. Air Transp. Int'l L.L.C.* (8th Cir. 2011) 664 F.3d 723, 726.) Sanchez directs us to no legal authority to support his claim that the CMLA is not clear because it does not specifically cite Labor Code and/or that the reference to section 2699.5 is insufficient.

Sanchez's argument notwithstanding, the CMLA is not confusing. <u>First</u>, the fact that the agreement uses the singular

---

less statutory penalties for failure to do so." (*Cortez, supra,* 15 Cal.App.5th at p. 15.) Here, unlike *Cortez,* the CMLA specifically references section 2699.5, which in turn references sections 201 through 203. Thus, *Cortez* does not compel reversal.

"Section" as opposed to the likely intended plural "Sections" does not render the CMLA confusing. And, other than labeling the CMLA confusing, Sanchez offers no supporting explanation as to why. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) <u>Second</u>, the fact that the arbitration provision references two PAGA statutes does not render the CMLA confusing; Sanchez does not allege a PAGA claim in this lawsuit. <u>Finally</u>, even though the CMLA refers to section 2699 "as amended," there is no indication in the statute's legislation that the inclusion of sections 201 through 203 ever changed. Sanchez's speculation as to how section 2699.5 "will continue to evolve" or how it will affect "an employee attempting to assess his rights in late 2022" is insufficient to demonstrate that the agreement is too confusing to be enforceable. (See, e.g., *Covina Residents for Responsible Development v. City of Covina* (2018) 21 Cal.App.5th 712, 729 [speculation does not constitute substantial evidence].)

Urging us to reverse, Sanchez argues that the trial court erroneously held that he "waive[d] the waiting time penalties or unfair competition claims." Not so. All the trial court held was that he had to arbitrate these claims. It did not find waiver.

*Bartlett v. All Am. Asphalt* (C.D.Cal. Oct. 16, 2020) 2020 U.S. Dist. LEXIS 192277 (*Bartlett*), upon which Sanchez relies, does not compel a different result. In *Bartlett*, the district court considered removal jurisdiction; it did not consider arbitrability. Admittedly, *Bartlett* made the following brief comment: "'[W]hen a [collective bargaining agreement's] grievance and arbitration procedure does not <u>directly reference</u> the statutes at issue, courts have concluded that the agreement does not contain a clear and unmistakable waiver" of an employee's right to a

10

judicial forum.'" (*Id*. at pp. *21–*22.)  At best, that one sentence is dicta given the context in which arose.  Regardless, *Bartlett* does not mention the United States Supreme Court's decision in *14 Penn Plaza*.  And it predates *Cortez*, a California Court of Appeal decision directly on point.

*Choate v. Celite Corp.* (2013) 215 Cal.App.4th 1460 (*Choate*) also does not aid Sanchez for at least two reasons.  First, it did not concern a collective bargaining agreement's requirement of arbitration of individual statutory claims.  Rather, the *Choate* court considered whether an employee's rights under section 227.3 [payment for vested vacation time on termination of employment] had been waived in a collective bargaining agreement.  (*Choate, supra,* at p. 1465.)  In finding that the agreement did not waive the plaintiffs' rights under section 227.3, the court held that a collective bargaining agreement "abrogates an employee's statutory right under section 227.3 to immediate payment for vested vacation time only if the agreement clearly and unmistakably waives that right."  (*Choate*, at p. 1462.)  Because arbitration cases are distinguishable (*Ehret v. WinCo Foods, LLC* (2018) 26 Cal.App.5th 1, 7), so too is *Choate*.

Second, as evidenced by the aforementioned language, *Choate* reaffirms the principle that a waiver of rights in a collective bargaining agreement must be clear and unmistakable.  As set forth above, the CMLA is.  (See also *Ehret v. WinCo Foods, LLC, supra*, 26 Cal.App.5th at p. 3 [because a collective bargaining agreement's waiver of an employee's claim for violating section 512, subd. (a) [meal periods], was clear and unmistakable, the defendant was entitled to summary judgment].)

11

*Vasserman v. Henry Mayo Newhall Memorial Hospital* (2017) 8 Cal.App.5th 236 too is distinguishable. In that case, the collective bargaining agreement only required arbitration of claims arising under the collective bargaining agreement itself. (*Id.* at p. 240.) In fact, the agreement in that case explicitly limited the arbitrator's jurisdiction to claims arising under the collective bargaining agreement. (*Ibid.*) Because the plaintiff sued the defendant for claims under the Labor Code, not for violating the collective bargaining agreement, the appellate court easily concluded that the collective bargaining agreement's arbitration provision did not apply. (*Id.* at pp. 246–250.)

As set forth above, that is not the case here; the CMLA expressly provides for arbitration of statutory disputes, including statutes specifically mentioned (like § 2966.5, which in turn identifies §§ 202-204), and those described by subject matter.[5]

As defendant rightly points out, the arbitrability of causes of action under PAGA has nothing to do with the question of whether Sanchez must arbitrate his third and fifth causes of action. Sanchez did not plead a cause of action under PAGA. For that reason, any discussion of section 2699.6 is irrelevant.

Finally, Sanchez contends that pursuant to *Livadas v. Bradshaw* (1994) 512 U.S. 107, 125 (*Livadas*), there is an

---

[5] For the same reasons, *Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 546, briefly mentioned in Sanchez's opening brief, is distinguishable. In that case, the collective bargaining agreement simply said that employees must arbitrate "grievances," without defining that term. (*Id.* at p. 538.) At the risk of sounding redundant, the arbitration provision here explicitly mentions section 2699.5 as well as state law concerning wage and hour requirements.

undefined "heightened standard" for requiring arbitration of claims for violating sections 201 through 203. *Livadas* did not so hold. In any event, subsequent United States Supreme Court cases have expressly held that a collective bargaining agreement may require arbitration so long as the agreement is explicit, clear, and unmistakable. (See *14 Penn Plaza*, *supra*, 556 U.S. at pp. 257, 264 [noting that *Livadas*, which followed *Alexander v. Gardner-Denver Co.* (1974) 415 U.S. 36, did not "control the outcome where, as is the case here, the collective-bargaining agreement's arbitration provision expressly covers both statutory and contractual . . . claims"].)

## DISPOSITION

The order is affirmed. Defendant is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ